Appeal of WEST VIRGINIA & PENN-          Docket No. 633.
    SYLVANIA     COAL     &
    COKE CO.

A deduction of $625 claimed in 1920 for exhaustion of a lease on 65 acres of coal land purchased in 1919 at a cost of $5,000, allowed.

Twenty-five per cent depreciation for 1920 allowed by Commissioner on an automobile truck used seven months of that year, approved.

A debt which the evidence does not show was determined to be worthless and charged off within the year can not be allowed as a deduction from gross income.

Submitted March 2, 1925; decided March 17, 1925.

*Frank A. Willson, C. P. A.*, for the taxpayer.

*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

## FINDINGS OF FACT.

Taxpayer is a West Virginia corporation having its principal office at Buckhannon, W. Va., and is engaged in the mining of bituminous coal at Pecks Run, W. Va. The taxpayer was incorporated on April 23, 1919. It kept its books and rendered its returns upon an accrual basis.

During 1918, O. S. Talbott, George A. Quertinmont, Gustave Quertinmont, and A. M. Minard purchased a lease of certain mineral rights underlying 65 acres of coal land situate at Pecks Run, W. Va., at a cost of $2,000. During the year 1918, and up to July 22, 1919, these individuals made certain improvements preparatory to commencing operations, such as erecting a tipple, making an opening to the mine, etc. On July 22, 1919, this lease was purchased by taxpayer for $5,000, the consideration being $375 in cash and $4,625 par value of its capital stock. The taxpayer has continuously since July, 1919, mined coal under this lease. The corporation showed an earned surplus at the close of 1919 of $18.92 and at the close of 1920 of $36,439.90. The capital stock of the corporation sold during 1919 and 1920 at par and has at no time sold for less than par.

In its return for the year 1920 taxpayer deducted $625 for exhaustion of the lease, basing this deduction upon an estimated life of eight years for the mine covered thereby. The Commissioner, upon an office audit of the return for 1919, disallowed the claimed deduction of $625 upon the ground that the lease had not been shown to have a value, taxpayer having omitted to state the value thereof in Schedule A–18 of its return.

At the time of beginning operations in 1919, taxpayer was without railroad facilities at the mine and it was necessary to transport the coal mined by automobile some distance to the railroad. It purchased new on June 2, 1919, an automobile truck at a cost of $3,736.81, which was used during the remainder of the year 1919 and until July, 1920, at which time the installation of railroad facilities to its mine was completed; having no further use for the truck it was stored and subsequently, in May, 1922, sold for $1,200. In its return for 1920 depreciation of $1,860.40, being 50 per cent of the cost of this truck based upon an estimated useful life in this service of 12 months, was taken. The Commissioner determined that depreciation of 25 per cent was reasonable for the seven months of 1920 and only allowed the deduction of $934.21.

Taxpayer deducted as worthless a debt amounting to $4,243.82 for coal sold during 1920 to the Central West Virginia Fuel Co., a coal brokerage firm of Huntington, W. Va. This firm was slow in making payments and, efforts by correspondence to obtain payment of the amount during 1920 being unsuccessful, the account was placed in the hands of local counsel at Huntington during December, 1920, for collection by suit. The evidence as to whether this amount was determined to be worthless and charged off on the books prior to January 1, 1921, is equivocal. It was stated by an officer of taxpayer, who was the only witness, that the accountant who prepared its return and audited its books for 1920 charged the debt off as of December 31, 1920, and then stated that the debt was charged off prior to December 31, 1920. He stated further that taxpayer determined the debt to be worthless upon information fur-

nished in a report by the local counsel at Huntington, W. Va., showing the inability of the Central West Virginia Fuel Co. to pay the amount due and as to the uncollectibility thereof by suit; that counsel reported after investigation and efforts to obtain payment that the debtor had no assets out of which the amount could be collected and that suit thereon would be useless. The evidence as to whether taxpayer was in possession of facts showing that the debtor was without assets and that the account was worthless at the close of December 31, 1920, is indefinite and unsatisfactory. The witness did not himself charge the debt off and could not state positively just when it was actually charged off—that is, whether before or after the close of 1920. Taxpayer's determination that the debt was worthless was based upon the report furnished it by counsel at Huntington, W. Va., and the evidence as to whether that report was received by the taxpayer before or after the close of 1920 is not clear.

### DECISION.

The deficiency determined by the Commissioner is allowed in part and disallowed in part. The deduction of $625 claimed by the taxpayer for exhaustion of its lease during 1920 is allowed. Additional depreciation of $934.21 and a deduction of $4,243.82 as a bad debt are disallowed. The correct deficiency will be determined by the Board upon recomputation on consent or on seven days' notice in accordance with Rule 50.